## In re Cambria County Clerk of Courts

*James M. McNulty, Clerk of Courts,* pro se.

McWILLIAMS, *P.J.,* January 23, 1980—A declaratory judgment petition, 42 Pa.C.S.A. §7531 et seq., has been filed by the Clerk of Courts of Cambria County regarding the Criminal History Record Information Act, 18 Pa.C.S.A. §9101 et seq., as amended, and its applicability in respect to the county clerk of courts and his records. Petitioner avers he is unable to determine the act's applicability to him as the county clerk of courts and his records.

The basic question seems to be the following: Does the Criminal History Record Information Act restrict access to a person's record of charges or disposition of those charges within a county, i.e., the clerk of courts' office? The answer is an emphatic no. Criminal records kept by the county clerk of courts are open to the public. This includes requests by the press. This act does not restrict access to a person's record of charges or disposition of those charges within this county.

Section 9104(b) of the act is explicit. Said section states: "Court dockets and police blotters.—*Court dockets and police blotters* and information contained therein shall, for the purpose of this chapter, be considered *public records*." (Emphasis supplied.) The dockets of the Clerk of Courts Office of Cambria County we determine to be public records.

A possible conflict of section 9103 with section 9104 of the act is averred by petitioner. Section 9103 which states that "this chapter [of the act] shall apply to persons within this Commonwealth

and to any agency of the Commonwealth or its political subdivisions which collects, maintains, disseminates, or receives criminal history record information" is completely limited by section 9104 of the act. Section 9104 states nothing in this chapter of the act shall apply to: "(a)(2) Any documents, records or indices prepared or maintained by or filed in any court of this Commonwealth, including but not limited to the minor judiciary" *except* for the provisions of Subchapter B (relating to completeness and accuracy), Subchapter D (relating to security), and Subchapter F (relating to individual right of access and review). (Emphasis supplied.)

Accordingly, we make the following

### ORDER

And now, January 23, 1980, the Criminal History Record Information Act except for the provisions of Subchapters B, D, and F, does not apply to the documents, records, or indices of the Clerk of Courts' Office of Cambria County and access to a person's record of charges or disposition of those charges is not to be restricted otherwise and said court dockets of the Clerk of Courts of Cambria County are judicially determined to be public records and the Clerk of Courts of Cambria County is directed to comply accordingly.

Concurred in by Abood, Creany, *JJS*.

### CONCURRING OPINION

O'KICKI, *J.*, January 24, 1980—Based on a reading of the Criminal History Record Information Act, 18 Pa.C.S.A. §9101 et seq., and its interpretation by the Solicitor for the Office of Clerk of Courts of Cambria County, the clerk closed his records to the

public and filed the instant proceeding seeking declaratory judgment relief.

Without hesitation, I concur with my colleagues who have found that the Office of the Clerk of Courts and the records contained therein are not subject to the application of the said Criminal History Record Information Act.

The rules of judicial administration under the unified court system make it evidently clear that under the Constitution of 1968, Article V, §1 et seq., the clerk of courts is an officer within the meaning of the unified court system. As set forth in Oblackovich v. McCormick, 7 D. & C. 3d 590 (1978), the clerk is a public officer. As a public officer within the criminal justice system, the clerk tests the contempt power of the court by closing such records without a prior court order.